[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved to modify the judgment of dissolution insofar as it relates to his payments of child support. His grounds are that he is paying substantially more than mandated by the child support guidelines effective June 1, 1994. General Statutes § 46b-86 provides for a modification in such a circumstance unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. That statute also creates a rebuttable presumption that a deviation of fifteen percent or more from the guidelines is substantial. It further provides that the Court consider the division of property set forth in the decree of dissolution and the benefits to the child resulting from the division of property. Section 46b-215b(b) is also applicable to this motion. It provides that "In any proceeding for . . . modification of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in §§ 46b-84, 46b-86."
With the foregoing statutory provisions as a basis, the court must determine if application of the guidelines would be inequitable or inappropriate in this particular case.
According to guideline computations the defendant's share of the support of the one minor child involved is $151.45 per week. The current support order is $205.00 per week. The difference of $53.55 is greater than fifteen percent, thus creating a presumption of substantial deviation.
We now move on to the other considerations and factors. At the time of dissolution on February 4, 1991, the parties stipulated to the terms of the dissolution. Those terms included joint custody of the minor child, primary residence with the mother and visitation in the father. CT Page 2847
The jointly owned residence was to be sold with the net proceeds being split 70 percent to the wife and 30 percent to the husband. Before the 70-30 percent split however, they agreed to pay off an automobile loan for a car owned by the wife from the proceeds of the house sale.
There was only a nominal alimony order of one dollar per year to be paid to each other for a non-modifiable five year term, and within that term it could only be modified on a showing by the moving party that he or she is unable to perform gainful employment because of disability.
Each party agreed to maintain a life insurance policy in the amount of at least $50000 for the benefit of the minor child through college or age twenty-two, as available through their employers.
The husband agreed to maintain medical/dental insurance for the child through her college and they agreed to share equally unreimbursed medical/dental expenses.
The wife was entitled to take the child as a tax exemption.
Personal property, including automobiles was divided. Child support was agreed to in the amount of $205.00 per week.
At the time, that was a substantial deviation from the guidelines which then called for support from the defendant husband of $137.00. The parties agreed, and the Court found, the day care expense of $150.00 per week to be a special circumstance warranting deviation from the guidelines. It entered judgment in accordance with the agreement of the parties.
In view of the Court's finding that deviation from the guidelines was equitable, appropriate and warranted, the defendant is precluded from prevailing on his present motion (§ 46b-86).
Notwithstanding, the Court has considered the equities and circumstances, and concludes that the motion should be denied on; those grounds as well.
The judgment in this case was a mosaic of inter-linked parts. For example, the wife accepted only a nominal order of alimony, which by its terms, cannot extend beyond February 4, 1996. She is paying one half of the child's uninsured medical expenses and she CT Page 2848 obtained a portion of the proceeds from the sale of the home. These specifics might well have been otherwise without the amount of support agreed to and ordered.
In March 1992, the defendant moved to modify the order of support, claiming a substantial change in circumstances. The Court (Sferrazza, J.) found there was no substantial change in circumstances and denied the motion.
While the defendant does not claim a substantial change in circumstances-at this time, his current financial affidavit and testimony lead to the conclusion that he can afford to pay the current support order. He has a one-half interest in a home in Glastonbury, is a partner in a real estate venture showing an equity value of $54000 as his share. His cash value of assets has increased and his salary has also gone up since the dissolution and since the 1992 modification hearing as well.
Although the plaintiff's income has also gone up, she still has significant day care expenses. Their daughter, six years of age, is asthmatic and has allergies, requiring some expenditures beyond the norm. The daughter does enjoy activities such as dance lessons, an occasional movie or birthday party, school functions, and Brownies. These things have been made possible, to some degree, by the support she had been receiving since February, 1991 (and prior to that with pendente lite orders).
Under all the circumstances of this case, including the best interests of the child and the equitable factors discussed, the motion to modify child support is denied.
Klaczak, J.